**No. 26-4739**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

VIVEK SHAH,
*Plaintiff-Appellant,*

v.

CRAIN COMMUNICATIONS, INC.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge

# APPELLANT'S MOTION FOR JUDICIAL NOTICE

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
*Plaintiff-Appellant, pro se*

# MOTION

Pursuant to Federal Rule of Evidence 201 and Federal Rule of Appellate Procedure 27, Appellant Vivek Shah respectfully moves this Court to take judicial notice of the following publicly filed federal court records:

**Exhibit 1** — Verified Complaint, *Shah v. PayPal, Inc.*, No. 1:22-cv-00795 (N.D. Ill.), ECF No. 6, filed February 15, 2022.

**Exhibit 2** — Class Action Complaint, *Evans v. PayPal, Inc.*, No. 5:22-cv-00248 (N.D. Cal.), ECF No. 1, filed January 13, 2022.[1]

**Exhibit 3** — Docket sheet and Complaint, *Shah v. Udemy, Inc.*, No. 2:26-cv-06527-PA-RAO (C.D. Cal.), ECF No. 1, filed June 13, 2026.

**Exhibit 4** — Stipulation of Dismissal of Action with Prejudice Pursuant to Rule 41(a)(1)(A)(ii), *Shah v. Amplitude, Inc.*, No. 2:24-cv-08155-MEMF-JPR (C.D. Cal.), ECF No. 27, filed July 24, 2026.

True and correct copies of each, as filed and without alteration, are attached. Judicial notice is sought for the limited purpose of establishing the existence and contents of these records — what words appear in them and what the docket reflects — and not for the truth of any allegation any of them contains.

[1]The action was initially assigned to Magistrate Judge Susan van Keulen (No. 5:22-cv-00248-SVK) and later reassigned to District Judge Beth Labson Freeman; the district court's footnote accordingly cites it as No. 5:22-cv-00248-BLF. Order at 3 n.1. It is the same action.

On July 26, 2026, Appellant emailed counsel of record for Appellee, stating his intent to file this motion on July 28, 2026 and requesting Appellee's position. Counsel responded as follows: "Without conceding that your appeal is procedurally proper, Crain opposes… any attempt to introduce outside material into the record." Appellee retains its right to respond under Federal Rule of Appellate Procedure 27(a)(3)(A).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Each Record Underlies a Finding the Order Rests On.

The order on appeal declares Appellant a vexatious litigant and enters a pre-filing order. Findings central to the Order depend on records that are not in the record on appeal. A fourth record post-dates the Order and is offered for the narrower purposes stated in Part I.C.

**A. Exhibits 1 and 2.** In a footnote, the district court found that the complaint in *Shah v. PayPal* "was near-copy of the class action complaint filed in *Evens* [sic] *et al v. Paypal, Inc.*," and that "[t]he only substantial difference was the omission of the original class action language." Order (ECF No. 34) at 3 n.1. The same footnote then extends that finding across the catalog: "All subsequent cases denoted with an asterisk are cases that were duplicated in similar fashion, from either a case unrelated to him, or a case he has filed previously." *Id.* Thirteen of the twenty-nine catalogued cases carry that asterisk. The footnote is thus not an aside; it supplies the evidentiary

basis for the court's later findings of "template versions" and "copy-and-paste versions" of complaints. *Id.* at 8.

That finding is a comparison of two documents. It cannot be reviewed unless this Court has the documents.

**B. Exhibit 3.** The court catalogued *Shah v. Udemy, Inc.* as item 29 and marked it with the asterisk denoting a duplicated complaint. Order at 7. The entry states the disposition as "Stayed by Joint Stipulation; pending arbitration," and identifies the claims as arising under CIPA and the federal Wiretap Act. Both facts bear directly on findings the court made: that the catalog contains "only the cases that were determined adversely against, or voluntarily dismissed by, Plaintiff," *id.* at 2, and that "[i]n none of these examples, has Plaintiff's complaint made it past the pleading phase," *id.* at 8 n.5. The docket also reflects the date of filing, which is material to Appellant's explanation of why the action was brought.

**C. Exhibit 4.** The court catalogued *Shah v. Amplitude, Inc.* as item 14, marked it with the asterisk, and recorded its disposition as "stayed pending final resolution of the class action." Order at 5. On July 24, 2026 — four days after the Order — the parties to that action stipulated to dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), each bearing its own costs and fees. No. 2:24-cv-08155-MEMF-JPR (C.D. Cal.), ECF No. 27. Appellant offers the stipulation for two reasons, neither of which asks this Court to look past the record below. First, candor:

the Order recites the status of twenty-nine actions and Appellant's brief relies on the status of several of them; the Court should have the current disposition of any case either document puts at issue. Second, the stipulation forecloses a harmless-error argument on its face. The Catalog admits only cases "determined adversely against, or voluntarily dismissed by, Plaintiff," Order at 2, and Appellant's brief shows that *Amplitude* met neither criterion when the Order issued. Exhibit 4 establishes that it meets neither now: a dismissal stipulated to and signed by the defendant, with each side bearing its own fees, is not an adverse determination and is not a dismissal by Appellant. Appellant does not contend that the stipulation bears on whether the district court abused its discretion. It could not — review is confined to the record before that court when it acted.

## II. None of These Records Is in the Record Below.

Appellee submitted twenty-nine exhibits below: Exhibits A through W (ECF No. 12-1) and Exhibits X through CC (ECF No. 21-1). None of the records sought here appears among them.

As to Exhibit 1, Appellee's index describes Exhibit V as the "Case Docket, showing the case was ultimately dismissed by stipulation." ECF No. 12-1 at 4. The docket sheet — not the complaint. As to Exhibit 2, *Evans v. PayPal* is not mentioned in either request for judicial notice, in the motion, in the opposition, or in the reply; it appears for the first time in the order itself — which identifies it by docket number

and filing date, particulars found nowhere in the parties' papers. As to Exhibit 3, the *Udemy* entry is one of the few in the twenty-nine-case catalog that carries no exhibit citation at all, and the case is absent from the supplemental request for judicial notice filed two days after *Udemy* was docketed. Exhibit 4 could not have been submitted: it was filed four days after the Order. Appellee's Exhibit D is the *Amplitude* docket sheet as it stood before that filing. ECF No. 12-7.

The district court therefore consulted each record on its own initiative, without notifying the parties or affording an opportunity to be heard. Federal Rule of Evidence 201(e) provides that "[i]f the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Appellant was not. This motion is the first opportunity to place these records before any court.

Appellant does not seek to supplement the record with material the district court never saw. He seeks the opposite: to place before this Court the records the district court *did* consult, and from which it drew the findings under review.

## III. Judicial Notice of Court Records Is Proper at Any Stage, Including on Appeal.

A court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), and may do so "at any stage of the proceeding," Fed. R. Evid. 201(d). And when "a party requests it and the court is supplied with the necessary

information," notice is not merely permitted: the court "must take judicial notice." Fed. R. Evid. 201(c)(2).

Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). This Court has taken notice of court filings on appeal. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003) (noticing related-case filings post-dating the ruling under review); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Appellee invoked this very authority below. Its supplemental request cited *Robinson Rancheria* and Rule 201(c)(2), and described "dockets, complaints, and judicial orders" as "indisputable matters of public record maintained by official court clerks" whose "authenticity and existence cannot reasonably be questioned." ECF No. 21-1 at 3; *accord* ECF No. 12-1 at 5 (invoking the same standard for Exhibits A through W). Appellant asks nothing broader. The standard that admitted Appellee's twenty-nine exhibits admits these four.

**IV. The Purpose Is Limited.**

Judicial notice of a court filing extends to the document's existence and legal effect, "not for the truth of the facts recited therein." *Lee*, 250 F.3d at 690. That limitation poses no obstacle. Appellant does not ask this Court to accept any allegation in Exhibits 1 through 4 as true. As to Exhibit 4, notice extends to the fact that the stipulation was filed, who signed it, and the dismissal it effected — not to the truth of any assertion within it, including the denials recited in its footnote. He asks only that the Court be able to read the two pleadings and see which words each contains, and to see what the *Udemy* docket reflects. That is the paradigm permissible use.

**V. There Is No Prejudice.**

All four records are public and obtainable from PACER. Appellee itself filed the *Shah v. PayPal* docket as Exhibit V on June 1, 2026. ECF No. 12-25; *see* ECF No. 12-1 at 4 (index). Granting this motion adds no new facts to the appeal; it makes available the records on which findings already rest.

## CONCLUSION

Appellant respectfully requests that the Court take judicial notice of Exhibits 1 through 4.

Dated: July 28, 2026

Respectfully submitted,

/s/ Vivek Shah

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
*Plaintiff-Appellant, pro se*

# EXHIBIT INDEX

**Exhibit 1** — Verified Complaint, *Shah v. PayPal, Inc.*, No. 1:22-cv-00795 (N.D. Ill.), ECF No. 6 (Feb. 15, 2022)

**Exhibit 2** — Class Action Complaint, *Evans v. PayPal, Inc.*, No. 5:22-cv-00248 (N.D. Cal.), ECF No. 1 (Jan. 13, 2022)

**Exhibit 3** — Docket sheet and Complaint, *Shah v. Udemy, Inc.*, No. 2:26-cv-06527-PA-RAO (C.D. Cal.), ECF No. 1 (June 13, 2026)

**Exhibit 4** — Stipulation of Dismissal with Prejudice, Shah v. Amplitude, Inc., No. 2:24-cv-08155-MEMF-JPR (C.D. Cal.), ECF No. 27 (July 24, 2026)

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,630 words, excluding the items exempted by Fed. R. App. P. 32(f). It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

Dated: July 28, 2026

/s/ Vivek Shah

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026, I filed the foregoing Appellant's Motion for Judicial Notice with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Court's electronic filing system, which will serve notice of the filing on all counsel of record, who are registered users of that system.

/s/ Vivek Shah

Vivek Shah,
*Plaintiff-Appellant, pro se*