**No. 26-4739**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

VIVEK SHAH,
*Plaintiff-Appellant*,

v.

CRAIN COMMUNICATIONS, INC.,
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge

# APPELLANT'S MOTION TO EXPEDITE BRIEFING AND SUBMISSION
**(Circuit Rule 27-12; Fed. R. App. P. 27; 28 U.S.C. § 1657(a))**

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
*Plaintiff-Appellant, pro se*

## INTRODUCTION

Thirty-six years ago, this Court described what a pre-filing order does to the person it names:

> Among all other citizens, he is to be restricted in his right of access to the courts. As far as he is concerned, his future filings run the risk of delay and even possible rejection before he can call upon defendants to respond to those filings. He will not even be permitted to enter the lists until a judicial officer gives him permission. That would, under the order before us, apply to any action he chooses to file. We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future.
>
> *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In *Moy*, the sword hung over one litigant's future filings. Here, it has been handed to his adversaries. Within 24 to 96 hours of the entry of the order under review, opposing parties placed it before two federal district judges and three arbitrators in five unrelated, pending matters, and counsel for three more adversaries demanded that Appellant Vivek Shah's attorney withdraw three counsel-filed state-court proceedings by a date certain, failing which his clients would pursue vexatious-litigant relief "for the same reasons as outlined in the attached order." Every one of these deployments occurred in a matter the order does not govern. Each converts the district court's findings into arbitral prejudice, settlement leverage, and threats aimed at Shah and at the counsel who represent him — injuries that accrue daily and that no eventual mandate can recall.

Shah's opening brief is filed concurrently with this motion, so acceleration costs no party any preparation time; it removes only calendar time. Shah therefore respectfully moves under Circuit Rule 27-12, Federal Rule of Appellate Procedure 27, and 28 U.S.C. § 1657(a) for an order (1) setting Crain Communications, Inc.'s answering brief for Tuesday, August 11, 2026 — two weeks after service of the opening brief — or seven days after entry of the order granting this motion, whichever is later; (2) setting any reply brief two calendar days after service of the answering brief; and (3) submitting the appeal on the briefs, without oral argument, upon completion of briefing. Shah seeks no stay. As Part III explains, a stay could not reach these harms; only decision can.

## I. BACKGROUND

Shah filed this diversity action against Crain Communications, Inc. on March 18, 2026, asserting claims under the California Invasion of Privacy Act, Cal. Penal Code § 631(a), and related state-law theories. On July 20, 2026, the district court granted Crain's motion to declare Shah a vexatious litigant and entered an eleven-page order, ECF No. 34 (the "Order"), decreeing that "[a] Prefiling Order is hereby entered against Plaintiff for any new case filed in the Central District of California that alleges any claims arising under the California Invasion of Privacy Act ('CIPA') or other related digital privacy claims." Order at 11. The Order was distributed to the district's intake clerks. *Id.* The decree specifies no procedure, standard, or

timeline by which the required pre-filing permission may be sought or will be decided. The motion was decided on the papers; no hearing was held and no transcript exists. Declaration of Vivek Shah ("Decl.") ¶ 4.

On July 23, 2026, Shah filed a notice voluntarily dismissing all of his claims with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), ECF No. 36, and filed his notice of appeal from the Order the same day, ECF No. 37. The dismissal terminated the action and rendered the Order final and appealable. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055–56 (9th Cir. 2007); *In re Cashion Family Trust*, 676 B.R. 193, 207 (B.A.P. 9th Cir. 2025) (pre-filing orders "final and appealable" once the underlying case is dismissed); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). This Court docketed the appeal on July 24, 2026, and issued a Time Schedule Order setting Shah's opening brief for October 15, 2026, Crain's answering brief for November 16, 2026, and an optional reply within twenty-one days of service. Dkt. 2.1. Shah is not waiting: his opening brief, together with a motion for judicial notice, is filed today, July 28, 2026 — five days after the notice of appeal and more than two months ahead of schedule. On Shah's side the appeal is complete at the outset; the only remaining variables are the answering brief, an optional reply, and submission.

## II. GOOD CAUSE EXISTS TO EXPEDITE.

Circuit Rule 27-12 provides that motions to expedite briefing and hearing "will be granted upon a showing of good cause," and the rule identifies as good cause, among other situations, those in which, "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." Congress has likewise directed that every federal court "shall expedite the consideration of any action" upon "good cause," which exists "if a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a). Both standards are met twice over.

**A. The Order is a presently operative restraint on access to the courts, and each day it stands works injury that no later decision can repair.**

The injury *Moy* described is not deferred here; it is running. Like the order in *Moy*, the Order "immediately affects" Shah's rights, 906 F.2d at 471, operating now, ex ante, against every covered filing he might make. This Court has repeatedly emphasized the gravity of the interest it burdens: a pre-filing order is "an extreme remedy that should rarely be used," *Molski*, 500 F.3d at 1057, one whose use against a pro se litigant "should be approached with particular caution," *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)); *see Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). The right burdened is constitutional: access to

the courts "is indeed but one aspect of the right of petition" secured by the First Amendment, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972), and "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

The nature of this restraint makes the interim harm unrecoverable. The decree supplies no mechanism, standard, or timeline for the permission it requires, so a covered claim arising while this appeal pends faces indefinite delay or rejection with no assured path to decision — while short limitation periods run. CIPA claims carry a one-year period, Cal. Civ. Proc. Code § 340(a); *see* ECF No. 23 at 29 (FAC ¶ 73). A filing deterred, delayed, or refused this year is not restored by a vacatur entered in late 2027 or 2028. Ordinary appellate scheduling therefore converts a reviewable order into months of unreviewable, day-by-day injury. On these facts, delay is not neutral; it is the injury itself. That is the paradigm of good cause under Circuit Rule 27-12 and § 1657(a).

**B. The Order is already being deployed against Shah — and against his counsel — in unrelated matters, and that harm compounds with every day of delay.**

The Order was entered on Monday, July 20, 2026. What followed over the next four days is set out in the accompanying declaration and exhibits:

- *July 21.* In *Shah v. Drexel Chemical Co.*, No. 2:26-cv-01605-HDV-KES (C.D. Cal.), Drexel filed a Notice of Supplemental Authority (ECF No. 57) attaching the Order and asking the court to consider its findings in resolving a pending motion to dismiss and two pending sanctions matters. Decl. ¶ 5, Ex. 2.
- *July 21.* In *Shah v. Caldera + Lab, Inc.*, JAMS Ref. No. 5220012052, the respondent filed a Notice of Supplemental Authority "to advise the Arbitrator" of the Order, attaching it in full. Decl. ¶ 6, Ex. 3.
- *July 21.* In *Shah v. Signify Health*, AAA Case No. 01-25-0005-5824, respondent's counsel emailed the Order directly to the arbitrator "for your review regarding the pending dispositive motion." Decl. ¶ 7, Ex. 4.
- *July 22.* In *Shah v. Social Catfish, LLC*, AAA Case No. 01-26-0000-4555, the respondent served a response captioned in part "CERTIFIED VEXATIOUS LITIGANT," attaching the Order and invoking it both to seek removal of the AAA's consumer-arbitration protections and as an affirmative defense. Decl. ¶ 8, Ex. 5.
- *July 22.* Counsel for Cali Bamboo, LLC, Soltage, and StartEngine wrote Shah's attorney of record in three counsel-filed petitions to compel arbitration pending in the Los Angeles Superior Court (including No. 26STCP02475), demanding that all three petitions be withdrawn by July

24 and stating that, otherwise, his clients would "seek to have Mr. Shah ordered a vexatious litigant . . . for the same reasons as outlined in the attached order." Decl. ¶¶ 9–10, Exs. 6–7.

- *July 23*. In *Shah v. Imprint.com, LLC*, No. 2:26-cv-06526-MWC-PD (C.D. Cal.), the defendant filed an answer and counterclaims (ECF No. 17) describing Shah as having "now been judicially condemned," attaching the Order as its Exhibit J, pleading a section of "Vexatious-Litigant Allegations," and praying for a second pre-filing order against Shah. Decl. ¶ 11, Ex. 8.

Two federal district judges, three arbitrators, and three state-court proceedings: eight matters in four days, none of them this case, and none governed by the Order's terms, which reach only new CIPA actions Shah might file in the Central District. Order at 11. Whatever weight each tribunal ultimately gives these submissions is a question for that tribunal, and these post-Order events are offered solely to show good cause for expedition, not for merits review. The point here is narrow and not reasonably disputable: the Order is functioning right now as a portable adjudication of Shah's status and motives, wielded in pending merits disputes, in arbitrations, and in demands that his own lawyer abandon proceedings the Order does not touch. Every day of default scheduling multiplies these deployments, and none of their effects can be recalled by a mandate issued a year

from now. If the Order is invalid, as the opening brief demonstrates, the only remedy that reaches this injury is a prompt decision saying so.

## III. A STAY WOULD NOT REMEDY THESE HARMS; ONLY DECISION CAN.

Circuit Rule 27-12 permits a motion to expedite to be paired with a request to stay the order on appeal. Shah deliberately requests none, because a stay would not reach the injury. The collateral deployments catalogued above invoke the Order's findings — its adjudication of status and purpose — not its operative pre-filing screen. A stayed order's findings remain on the books and remain quotable; suspending the screen in the Central District would not retrieve the Order from two federal dockets, three arbitrations, and a demand letter, and would not stop the next filing of it. The same logic applies to the access restraint itself: a stay would be interim and contingent, and litigating one would consume the parties' and the Court's attention without shortening the life of the case by a single day. The efficient course — and the only fully remedial one — is to accelerate the decision.

## IV. EXPEDITION IMPOSES MINIMAL BURDEN ON THE COURT AND NO UNFAIR PREJUDICE ON CRAIN.

This appeal is unusually well suited to acceleration. It challenges a single, eleven-page order entered on the papers. The questions presented are questions of record and law — whether the Order satisfies the four requirements of *De Long*, 912 F.2d at 1147–48, on the record the district court had — and the record is short: no

trial record, no summary-judgment record, no transcript. *Moy* itself decided a like challenge on a comparably short record, without oral argument, *see* 906 F.2d at 471 paring the order there as overbroad because the litigant "has only been abusive in the area of th[at] particular litigation," — the same species of tailoring question this appeal presents. Shah's opening brief and companion motion for judicial notice are on file as of today, and Shah waives oral argument and requests submission on the briefs, see Fed. R. App. P. 34(a)(2), eliminating calendaring constraints entirely.

Nor is the proposed schedule unfair to Crain: it drafted the motion, reply, and proposed order that produced the Order — all within the last sixty days — knows this short record completely, and will hold Shah's opening brief for the entire pendency of this motion, including its ten days to respond to it, Fed. R. App. P. 27(a)(3)(A). Crain sought and obtained the Order; the only question this motion affects is how quickly its validity is decided.

## V. PROPOSED SCHEDULE

Shah respectfully proposes the following schedule, which Circuit Rule 27-12 expressly permits the motion to include:

| **Event** | **Date** |
|---|---|
| Opening brief | Filed July 28, 2026, concurrently with this motion (no excerpts of record are required of a pro se party, 9th Cir. R. 30-1.3) |

| | |
|---|---|
| Answering brief | Tuesday, August 11, 2026 (fourteen days after service of the opening brief), or seven days after entry of the order granting this motion, whichever is later |
| Optional reply brief | Two calendar days after service of the answering brief |
| Submission | On the briefs, without oral argument, upon completion of briefing, on the first available date; alternatively, the earliest available argument calendar |

Once a case is expedited, the streamlined-extension procedure of Circuit Rule 31-2.2(a) is unavailable by rule, *see* 9th Cir. R. 31-2.2(a)(1), and Shah respectfully requests that any extension of the expedited schedule be available only by court order upon a showing of diligence and substantial need. If the Court would prefer a different accelerated schedule, Shah requests the earliest one consistent with the Court's calendar — the essential relief is acceleration, not any particular number of days.

## VI. STATUS OF TRANSCRIPT PREPARATION

As Circuit Rule 27-12 requires, Shah states: the motion resulting in the Order was decided without a hearing; no transcript exists, none has been ordered, and none is required for this appeal. Decl. ¶ 4. The transcript deadlines in the Time Schedule Order are accordingly inapplicable by their own terms. Dkt. 2.1.

## VII. POSITION OF APPELLEE

As Circuit Rule 27-12 requires, Shah emailed Crain's counsel of record, Kevin J. Cole of KJC Law Group, A.P.C., stating his intent to file this motion on

July 28, 2026 and requesting Crain's position, to which Mr. Cole responded as follows: "Without conceding that your appeal is procedurally proper, Crain opposes… the expedited nature of this appeal." Decl. ¶¶ 2–3, Ex. 1. Crain of course retains its right to respond to this motion. Fed. R. App. P. 27(a)(3)(A).

## VIII. CONCLUSION

The Court should grant the motion, adopt the schedule proposed in Part V or the earliest accelerated schedule the Court's calendar permits, and order the appeal submitted on the briefs upon completion of briefing. A Sword of Damocles hangs over Shah's access to the courts — and within days of its entry, the Order was being swung, at Shah and at his counsel, in forums it does not even govern. Prompt review is the only relief that stays its hand.

Dated: July 28, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
*Plaintiff-Appellant, pro se*

# DECLARATION OF VIVEK SHAH IN SUPPORT OF MOTION TO EXPEDITE BRIEFING AND SUBMISSION

I, Vivek Shah, declare as follows:

1. I am the Plaintiff-Appellant in this appeal, proceeding pro se. I make this declaration from personal knowledge in support of my Motion to Expedite Briefing and Submission. If called as a witness, I could and would testify competently to the matters stated below.

2. On July 26, 2026, I sent an email to Kevin J. Cole (kevin@kjclawgroup.com) of KJC Law Group, A.P.C., counsel of record for Defendant-Appellee Crain Communications, Inc., stating my intention to file this motion on July 28, 2026 and requesting Crain's position on it. A true and correct copy of that email is attached as Exhibit 1.

3. On July 27, 2026, Mr. Cole responded as follows: "Without conceding that your appeal is procedurally proper, Crain opposes… the expedited nature of this appeal." A true and correct copy of that email is attached as Exhibit 1.

4. No hearing was held on Crain's motion to declare me a vexatious litigant; the district court decided the motion on the papers. No transcript of any proceeding relevant to this appeal exists, I have ordered none, and none is required.

5. Attached as Exhibit 2 is a true and correct copy of the Notice of Supplemental Authority filed by Drexel Chemical Company on July 21, 2026 in

*Shah v. Drexel Chemical Co.*, No. 2:26-cv-01605-HDV-KES (C.D. Cal.), ECF No. 57. I am the plaintiff in that pending action.

6. Attached as Exhibit 3 is a true and correct copy of the Notice of Supplemental Authority filed by Caldera + Lab, Inc. on July 21, 2026 in *Shah v. Caldera + Lab, Inc.*, JAMS Ref. No. 5220012052. I am the claimant in that pending arbitration.

7. Attached as Exhibit 4 is a true and correct copy of an email sent on July 21, 2026 by Stephanie Carroll of Kelley Drye & Warren LLP, counsel for the respondent in *Shah v. Signify Health*, AAA Case No. 01-25-0005-5824, to the arbitrator, Paul L. Gale, transmitting the Order "for your review regarding the pending dispositive motion." I am the claimant in that pending arbitration and received the email contemporaneously.

8. Attached as Exhibit 5 are true and correct excerpts of Social Catfish, LLC's Response to Amended Arbitration Demand, dated and served July 22, 2026, in *Shah v. Social Catfish, LLC*, AAA Case No. 01-26-0000-4555, which attaches the Order as its Exhibit C and invokes it as described in the motion. I am the claimant in that pending arbitration.

9. I am the petitioner in three petitions to compel arbitration pending in the Superior Court of California, County of Los Angeles, against Cali Bamboo, LLC (No. 26STCP02475), Soltage, and StartEngine. Each petition was filed and is being

prosecuted by my counsel of record, Salar Atrizadeh of the Law Offices of Salar Atrizadeh. Attached as Exhibit 6 is a true and correct copy of the Los Angeles Superior Court's public case summary for No. 26STCP02475, reflecting that the petition was filed by counsel on June 30, 2026.

10. Attached as Exhibit 7 is a true and correct copy of the July 22, 2026 correspondence sent by Michael Burke of DarrowEverett LLP, counsel for Cali Bamboo, LLC, Soltage, and StartEngine, to my counsel Mr. Atrizadeh, which Mr. Atrizadeh provided to me. The correspondence attaches the Order, demands that the three petitions be withdrawn by close of business on July 24, 2026, and states that otherwise his clients "intend to file oppositions and seek to have Mr. Shah ordered a vexatious litigant . . . for the same reasons as outlined in the attached order."

11. Attached as Exhibit 8 are true and correct excerpts of the Answer and Counterclaims filed by Imprint.com, LLC on July 23, 2026 in *Shah v. Imprint.com, LLC*, No. 2:26-cv-06526-MWC-PD (C.D. Cal.), ECF No. 17, which attaches the Order as its Exhibit J, pleads "Vexatious-Litigant Allegations," and prays for a pre-filing order against me. I am the plaintiff in that pending action.

12. Each matter described in paragraphs 5 through 11 is unrelated to this case and to Crain Communications, Inc., and each was pending before the Order was entered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on July 28, 2026, at Los Angeles, California.

/s/ Vivek Shah
Vivek Shah

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A) and 32(g), I certify that this motion contains 2,557 words, excluding the items exempted by Fed. R. App. P. 32(f), and complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: July 28, 2026

/s/ Vivek Shah
Vivek Shah

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026, I electronically filed the foregoing Appellant's Motion to Expedite Briefing and Submission, with the supporting declaration and exhibits, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Court's ACMS electronic filing system, which will serve notice of the filing on all registered counsel of record.

/s/ Vivek Shah
Vivek Shah
*Plaintiff-Appellant, pro se*