**No. 26-4739**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

VIVEK SHAH,

*Plaintiff-Appellant*,

v.

CRAIN COMMUNICATIONS, INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Hon. R. Gary Klausner

---

# APPELLEE CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE BRIEFING AND SUBMISSION

---

Kevin J. Cole (SBN 321555)
KJC LAW GROUP, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
(310) 861-7797
kevin@kjclawgroup.com

*Attorneys for Defendant-Appellee*
*Crain Communications, Inc.*

## INTRODUCTION

Appellant Vivek Shah has not identified an emergency warranting displacement of the Court's ordinary appellate schedule. The district court's order does not prohibit Shah from accessing the courts, prevent him from pursuing any pending action, adjudicate the merits of any future claim, or restrict him from filing claims unrelated to the California Invasion of Privacy Act ("CIPA") and related digital-privacy theories. It merely requires prefiling review before Shah commences another covered action in the Central District of California (i.e., the precise, narrowly tailored remedy the district court found necessary after reviewing Shah's extensive history of repetitive litigation).

Shah does not identify any covered complaint he presently seeks to file, any request for prefiling permission that has been denied or delayed, any limitations period that is about to expire, or any concrete legal right that will be lost under the existing schedule. Instead, he relies primarily on the fact that litigants in other pending matters have cited the district court's findings to the tribunals adjudicating those matters. But those independent litigants' use of a publicly available judicial order is not an injury caused by the prefiling requirement, much less irreparable harm that expedited disposition of this appeal would redress. The tribunals presiding over those matters remain free to determine what relevance or weight, if any, the order should receive.

Nor does Shah's decision to file his opening brief months early establish good cause to impose an extraordinary schedule on Crain and the Court. Shah proposes that Crain prepare its answering brief in as little as seven days, that Shah receive a reply while Crain's response time is drastically compressed, that ordinary extension procedures be unavailable, and that the appeal be submitted immediately without argument. His unilateral acceleration of his own brief cannot manufacture an emergency or deprive Crain of the time ordinarily afforded to analyze appellate jurisdiction, review the record, address Shah's opening brief and related request for judicial notice, and prepare a complete response.

The motion should be denied.

## ARGUMENT

### I. SHAH HAS NOT SHOWN GOOD CAUSE FOR EXPEDITED TREATMENT.

Ninth Circuit Rule 27-12 provides that a motion to expedite may be granted upon a showing of good cause, including circumstances in which irreparable harm may occur or the appeal may become moot absent expedited treatment. Shah establishes neither circumstance. There is no risk that this appeal will become moot under the ordinary schedule and Shah does not argue otherwise. His motion instead rests on claimed irreparable harm, but the identified harms are speculative or unrelated to the order's operative terms.

The district court's order applies only to "any new case filed in the Central

District of California" asserting CIPA or related digital-privacy claims. It does not bar such claims outright. It does not govern state-court proceedings, arbitrations, pending federal cases, or claims outside the covered subject matter. And it does not preclude Shah from seeking permission to file a covered action. Nevertheless, Shah does not identify any proposed CIPA action he intends to file while the appeal is pending. He does not state that he has submitted a proposed complaint for prefiling review. He does not claim that any court has rejected or delayed such a submission. And he identifies no actual limitations deadline that will expire before this appeal is resolved. His assertion that a hypothetical future claim might arise, might be subjected to delay, and might encounter a limitations issue is insufficient to establish present irreparable harm.

Indeed, Shah's own conduct confirms the absence of an immediate filing emergency. Rather than seeking a stay of the prefiling requirement, submitting a proposed complaint, or identifying a specific claim in need of immediate filing, he voluntarily dismissed his claims against Crain with prejudice and then requested accelerated appellate resolution. The motion seeks expedition based not on a concrete inability to bring a claim, but on Shah's generalized objection to the district court's continuing supervision of future CIPA filings.

That is not good cause under Rule 27-12.

## II. THE COLLATERAL USE OF THE ORDER IN OTHER PROCEEDINGS DOES NOT WARRANT EXPEDITING THIS APPEAL.

Shah's main argument is that parties in unrelated proceedings have placed the district court's order before other courts and arbitrators. But those events neither expand the order's operative scope nor establish irreparable harm redressable through expedited review. The district court did not direct any party to file its order elsewhere. It did not determine any issue pending in another action. It did not require another court or arbitrator to give the order preclusive or evidentiary effect. Other litigants independently elected to cite a public judicial decision that they believed relevant to proceedings involving Shah. The tribunals in those matters retain full authority to decide whether the order is relevant, admissible, persuasive, or entitled to no weight at all.

This is not unusual or irreparable harm. Judicial decisions are routinely cited as supplemental authority or presented as potentially relevant background in related litigation. A party's disagreement with how an adversary characterizes an order can be addressed before the court receiving it. Shah may explain that the order is on appeal, dispute its relevance, contest the adversary's characterization, and ask the court to disregard it. Nothing in the record suggests that he has been denied that opportunity.

Expediting this appeal also would not necessarily prevent the alleged harm.

Unless and until the district court's order is reversed, litigants remain entitled to advise other courts that the order exists. Even an expedited decision would not erase prior filings, communications, or arguments. Nor would it dictate how independent courts and arbitrators should evaluate Shah's litigation history. Shah's claimed collateral consequences therefore do not justify commandeering the Court's calendar and shortening Crain's response period.

More fundamentally, the collateral consequences Shah identifies arise from the district court's factual and legal findings. The district court found, after examining Shah's litigation history, that his repetitive filings were sufficiently numerous and that his conduct indicated an intent to burden defendants and pursue coercive settlements. The fact that other litigants consider those findings potentially relevant does not transform the ordinary appellate process into an emergency.

## III. SHAH'S CLAIMED HARM IS THE INTENDED AND LAWFUL OPERATION OF A NARROWLY TAILORED PREFILING ORDER.

Shah repeatedly invokes the constitutional right of access to the courts, but the order does not deprive him of that right. Prefiling review is an established mechanism for regulating abusive litigation when the requirements identified in *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990), are satisfied. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–61 (9th Cir. 2007).

The district court expressly addressed each *De Long* requirement. It found that Shah received notice and an opportunity to be heard; compiled an extensive record

identifying at least twenty-nine proceedings; made substantive findings concerning frivolousness and harassment; considered Shah's motive, litigation practices, and the burdens imposed on courts and defendants; and limited the order to new CIPA and related digital-privacy cases filed in a single federal district. The district court further declined Crain's request for security in the existing action, demonstrating that it tailored the relief rather than indiscriminately granting every requested restriction. Whether those findings ultimately withstand appellate review is a merits question. It does not establish good cause for expedition. Every appellant challenging a presently operative order believes the order is erroneous and experiences its consequences while appellate review proceeds. If that alone justified expedition, ordinary appellate scheduling would become the exception whenever a litigant appealed a prefiling order.

The practical effect Shah identifies—that he cannot continue filing additional covered actions in the Central District without judicial permission—is not an extraneous hardship. It is the precise function of the order. The district court imposed that requirement because it found that Shah had repeatedly filed substantially similar complaints, often dismissed them when challenged, and imposed unnecessary burdens on defendants and courts. Shah's desire to eliminate that screening as quickly as possible does not amount to irreparable harm.

## IV. SECTION 1657(A) DOES NOT REQUIRE EXPEDITION.

Shah's reliance on 28 U.S.C. § 1657(a) is misplaced. Section 1657(a) does not automatically place every appeal involving a claimed constitutional interest ahead of the Court's ordinary docket. It requires good cause in a factual context demonstrating that expedited consideration has merit. Shah has not made that factual showing. He identifies no pending proposed filing, no denial of court access, no imminent limitations deadline, and no event that will moot the appeal.

## V. SHAH'S PROPOSED SCHEDULE WOULD UNFAIRLY PREJUDICE CRAIN AND IMPAIR ORDERLY APPELLATE REVIEW.

Shah asserts that expedition would impose no unfair burden because he has already filed his opening brief and Crain previously litigated the underlying motion. That argument disregards the work required on appeal.

Crain must evaluate appellate jurisdiction and finality following Shah's unilateral Rule 41 dismissal, analyze the issues and authorities raised in the opening brief, and review Shah's separate motion for judicial notice and the proposed extra-record materials. It must also determine the proper appellate record, assess the appropriate standards of review, and prepare an answering brief defending an eleven-page order that itself rests on a substantial litigation history. The fact that Crain previously briefed the district court motion does not make its appellate response automatic.

Shah's proposal is especially inequitable because he would control both ends

of the schedule. He chose to prepare and file his opening brief more than two months before its due date. He now asks the Court to convert that unilateral choice into a deadline requiring Crain to answer within fourteen days—or potentially only seven days after the motion is granted—while preserving for himself a reply. He further asks the Court to eliminate the ordinary streamlined extension procedure and require immediate submission without oral argument.

A litigant cannot manufacture good cause by completing his own brief early and then insist that his adversary and the Court proceed on the same self-selected timetable. The ordinary schedule already provides Shah with full appellate review. Nothing in the motion justifies the extraordinary compression he requests.

## VI. EXPEDITION IS PARTICULARLY UNWARRANTED WHERE THRESHOLD AND RECORD ISSUES MAY REQUIRE CAREFUL CONSIDERATION.

Although Crain does not ask the Court to resolve appellate jurisdiction on this motion, Shah's procedural route reinforces why accelerated treatment is inappropriate. Shah voluntarily dismissed every affirmative claim with prejudice under Rule 41(a)(1)(A)(i), while purporting to reserve appellate review of the prefiling order. He then immediately filed an appeal of only that order. Thus, the jurisdictional basis and scope of review still deserve orderly briefing rather than the truncated process Shah proposes. The parties may need to address the relationship among *Molski*, the Ninth Circuit's voluntary-dismissal precedents, and decisions

concerning party-created appellate finality. These are additional reasons to retain the existing schedule, not to require an answering brief in as little as seven days.

The same is true of Shah's effort to rely on post-order events and other materials outside the district court record. Shah represents that these materials are offered only to support expedition, but he has also filed a motion for judicial notice concerning additional records. Crain should receive the ordinary time necessary to distinguish the materials properly before the Court from matters relevant, if at all, only to collateral procedural requests.

## CONCLUSION

For all these reasons, the motion to expedite briefing and submission should be denied.

Date: August 4, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the word limit of Ninth Circuit Rule 27(d)(2) because this response contains 2,046 words, including words manually counted in any visual images, and excluding the items exempted by Fed. R. App. P. 32(f).

This brief complies with the type size and typeface requirements of Fed. R. App. P. 32(a)(5) and (6).

Date: August 4, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*

Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing system, which will serve all registered case participants on this date.

- **APPELLEE CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE BRIEFING AND SUBMISSION**

Date: August 4, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*