**No. 26-4739**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

VIVEK SHAH,
*Plaintiff-Appellant,*
v.
CRAIN COMMUNICATIONS, INC.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge

# APPELLANT'S REPLY IN SUPPORT OF MOTION TO EXPEDITE BRIEFING AND SUBMISSION

(Fed. R. App. P. 27(a)(4); Circuit Rule 27-12)

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
Plaintiff-Appellant, pro se

## INTRODUCTION

Crain's opposition disputes the significance of the record, not the record. It offers no counter-declaration and does not question the authenticity or occurrence of any of the deployments documented in Exhibits 2 through 8 — eight matters in four days; those facts stand unrebutted. And although the motion was built on *Moy v. United States*, 906 F.2d 467 (9th Cir. 1990), and *Elrod v. Burns*, 427 U.S. 347 (1976), the opposition cites neither. What Crain offers instead is a demand that Shah name a specific blocked filing — the demand *Moy* rejected; a concession that the collateral harm flows from the Order's findings — which is exactly why a stay was never sought and only decision can reach it; and a schedule objection that misstates the proposed schedule. Since the motion was filed, the deployments have continued, and they now reach into arbitral credibility and fee determinations that no court will ever review. The motion should be granted.

## I. THE DEMAND FOR A SPECIFIC BLOCKED FILING IS THE ARGUMENT MOY REJECTED.

Crain's lead argument is that Shah "does not identify any covered complaint he presently seeks to file," has sought no prefiling permission, and points to no imminent limitations deadline. Opp. 1, 3. *Moy* answered that demand. Describing the position of a litigant under a pre-filing order, this Court wrote: "We cannot predict what harm might come to him as a result, and he should not be forced to

predict it either." *Moy*, 906 F.2d at 470, *quoted in Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). The restraint operates *ex ante*, against every covered filing Shah might make; requiring the restrained litigant to first produce a rejected filing inverts the injury *Moy* identified. And because the right burdened is a First Amendment right, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972), its loss "for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod*, 427 U.S. at 373 — injury established where "First Amendment interests were either threatened or in fact being impaired at the time relief was sought," *id*. This Court applies that rule without demanding more. *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019); *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973-74 (9th Cir. 2002).

Crain's related point — that Shah never "submitted a proposed complaint for prefiling review," Opp. 3 — assumes a procedure that does not exist. The decree specifies no mechanism, standard, or timeline for seeking or deciding the permission it requires, Order at 11; the motion said so, Mot. 3-4; and the opposition identifies none. A litigant cannot be faulted for failing to invoke a process the Order does not supply, and the uncertainty the decree leaves about what may be filed, to whom leave is addressed, and when it will be decided is itself the burden this Court has warned pre-filing orders impose: "the pre-clearance requirement imposes a substantial burden on the free-access guarantee." *Ringgold-Lockhart*, 761 F.3d at 1062.

## II. CRAIN'S OWN ACCOUNT OF THE COLLATERAL HARM ESTABLISHES GOOD CAUSE.

The opposition concedes the mechanism: "the collateral consequences Shah identifies arise from the district court's factual and legal findings," and other litigants "remain entitled to advise other courts that the order exists" "[u]nless and until the district court's order is reversed." Opp. 5. That concession resolves two of Crain's arguments at once.

First, it explains the choice Crain treats as proof there is no urgency: that Shah sought no stay. Opp. 3. A stay suspends the pre-filing screen; it does not unsay the findings — which, by Crain's own description, are what the collateral forums are being asked to weigh. The motion made precisely this point, Mot. Part III; the opposition never engages it. Crain cannot fault Shah for forgoing a remedy while simultaneously demonstrating that the remedy would accomplish nothing.

Second, it converts Crain's no-redress argument into the case for acceleration. Crain observes that "[e]ven an expedited decision would not erase prior filings, communications, or arguments." Opp. 5. Correct — and that is the signature of harm that justifies expedition: what has already occurred cannot be recalled, and what occurs next can still be prevented. On Crain's own account the deployments continue as of right "unless and until" reversal, so every month added to the calendar is a

month of additional, concededly unrecallable deployments. Delay is not neutral; it is the injury.

Crain's remaining answer — that Shah "may explain that the order is on appeal" and "dispute its relevance" in each receiving forum, Opp. 4 — is a prescription for litigating this Order's validity piecemeal in each receiving forum — nine matters and counting, *see infra* Part III — while the one court that can decide the question waits. And it is no answer at all to the July 22 demand aimed at Shah's counsel, which operated by its own 48-hour deadline before any tribunal could weigh anything. Decl. ¶¶ 9-10, Exs. 6-7. One decision from this Court is the efficient course and the only fully remedial one.

**III. POST-MOTION EVENTS CONFIRM THE HARM IS CONCRETE, COMPOUNDING, AND UNREVIEWABLE WHERE IT LANDS.**

Two developments since July 28 are set out in the accompanying supplemental declaration.

First, on July 29, 2026 — the day after this motion was filed — the respondent in a ninth unrelated matter, *Shah v. Effy Worldwide Corp.*, AAA Case No. 01-25-0003-9551, submitted a proposed case-management order providing that the Order "is accepted as supplemental public authority" and that the tribunal "may consider it for case management, credibility, further amendments, and any later fee-or-cost application." Supp. Decl. ¶ 2, Ex. 9. The proposal has not been entered, and its

disposition belongs to that tribunal. But it demonstrates, in writing, the mechanism Crain calls speculative: adversaries are no longer merely attaching the Order — they are drafting orders that would install its findings as a standing input into credibility and fee determinations in Shah's pending matters.

Second, the forum in which that installation is sought is one whose rulings are effectively beyond correction. Sections 10 and 11 of the Federal Arbitration Act supply "the FAA's exclusive grounds for expedited vacatur" of an award, *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008), and under them "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute"; "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986)); *accord Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error.") (quoting *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 671 (2010)). An arbitrator who weighs the Order's findings against Shah's credibility, and rules accordingly, produces a decision this Court will never *see* and no court can meaningfully revisit — whatever later becomes of the Order on this appeal. Nor could anyone afterward reconstruct the damage: once an

improper input reaches an arbitrator, "there would be no way to determine whether the claim not subject to the arbitration agreement 'poisoned' any arbitral award." *Cf. In re Lehman Bros. Securities & ERISA Litigation*, 706 F. Supp. 2d 552, 561 n.69 (S.D.N.Y. 2010).

Third, the collateral forums are not waiting for the ordinary appellate calendar. The Effy proposal preserves a dispositive-motion request window through October 16, 2026. Ex. 9 ¶ 8. That cycle would conclude before Crain's answering brief is even due under the existing schedule (November 16, 2026). And for completeness: the Signify arbitration described in the motion, Decl. ¶ 7, concluded in an order dated July 28, 2026, dismissing Shah's claims with prejudice. That order does not cite the district court's Order, and Shah does not contend that it does; its relevance here is tempo. The interval between the Order's transmission to that arbitrator (July 21) and a final, effectively unreviewable disposition was seven days. Collateral proceedings move in days and weeks; the default schedule here is measured in months. That is the "factual context" in which 28 U.S.C. § 1657(a) directs expedited consideration, and it is established by declarations and exhibits Crain has not disputed.

## IV. THE REMAINING OBJECTIONS GO TO THE MERITS OR MISSTATE THE MOTION.

<u>Intended operation</u>. Crain argues that the harm Shah identifies "is the precise function of the order," Opp. 6, the intended operation of a validly tailored decree,

Opp. 5-7. Whether the Order was lawfully entered is the question presented by this appeal; it is disputed, and it belongs to the merits panel, not this motion. What matters here is undisputed: a pre-filing order is "an extreme remedy that should rarely be used," *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007), and if this one was erroneously entered, it works constitutional injury every day it operates. Crain's framing also contradicts itself. By its own description the Order "does not govern state-court proceedings, arbitrations, pending federal cases, or claims outside the covered subject matter," Opp. 3 — yet those are the forums where every catalogued harm is occurring. Harms arising in matters the Order does not govern are not its intended operation; they are its uncontrolled spillover, and only decision contains them.

Threshold issues. Crain suggests jurisdictional and record questions counsel a slower schedule. Opp. 8-9. The appealability of a pre-filing order following termination of the underlying action is ground this Court has covered, *see Molski*, 500 F.3d at 1055-56, and nothing about the question requires three additional months to brief. Notably, Crain has moved for nothing: it has filed no motion to dismiss the appeal, and its opposition expressly "does not ask the Court to resolve appellate jurisdiction on this motion." Opp. 8. Appellate jurisdiction is of course always this Court's to examine, but a party that declines to present the question cannot invoke its pendency as a reason to slow the schedule. If Crain believes a threshold defect

exists, acceleration serves that position too: a jurisdictional objection is a reason to decide promptly, not a reason to leave an assertedly unreviewable order in daily operation while the answer waits.

Schedule. Crain says Shah proposes that it answer "in as little as seven days." Opp. 2, 9. The motion proposes fourteen days after service of the opening brief or seven days after an order granting the motion, whichever is later, Mot. Part V — during all of which Crain holds the opening brief. Crain had held that brief for seven days when it filed its opposition and will have held it for weeks by the time this motion is decided. Crain litigated these precise issues in the district court within the past two months; the record is an eleven-page order entered on the papers, with no transcript. The asymmetry Crain invokes also runs the other way: a pro se litigant researched, wrote, and filed the opening brief and two supporting motions within five days of the notice of appeal; the law firm that drafted the motion, reply, and proposed order that produced the Order says it needs until November 16 to answer. Fourteen to thirty days from a party in that position is not compression. And the motion is explicit that "the essential relief is acceleration, not any particular number of days." Mot. 11. If fourteen days is too few, twenty-one or thirty still spares months of the injury described above. Shah's early brief manufactured no emergency; the Order's deployment in nine collateral matters within nine days of its entry is the emergency, and it is documented, not manufactured.

## CONCLUSION

For these reasons and those stated in the motion, the Court should grant the motion, adopt the schedule proposed in Part V of the motion or the earliest accelerated schedule the Court's calendar permits, and order the appeal submitted on the briefs upon completion of briefing.

Dated: August 4, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
Plaintiff-Appellant, pro se

**SUPPLEMENTAL DECLARATION OF VIVEK SHAH IN SUPPORT OF MOTION TO EXPEDITE BRIEFING AND SUBMISSION**

I, Vivek Shah, declare as follows:

1. I am the Plaintiff-Appellant in this appeal, proceeding pro se. I make this supplemental declaration from personal knowledge in support of my reply in support of my Motion to Expedite Briefing and Submission. If called as a witness, I could and would testify competently to the matters stated below.

2. I am the claimant in *Shah v. Effy Worldwide Corp.*, AAA Case No. 01-25-0003-9551, a pending arbitration that is unrelated to this case and to Crain Communications, Inc., and that was pending before the district court's July 20, 2026 Order was entered. Attached as Exhibit 9 is a true and correct copy of the proposed case-management and protective order submitted by the respondent in that arbitration on July 29, 2026. As of the date of this declaration, the arbitrator has not entered the proposed order.

3. The arbitration described in paragraph 7 of my July 28, 2026 declaration, *Shah v. Signify Health*, AAA Case No. 01-25-0005-5824, concluded in an order of the arbitrator dated July 28, 2026, dismissing my claims with prejudice. That order does not cite or reference the district court's July 20, 2026 Order.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on August 4, 2026, at Los Angeles, California.

/s/ Vivek Shah
Vivek Shah

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(C) and 32(g), I certify that this reply contains 1,994 words, excluding the accompanying declaration and the items exempted by Fed. R. App. P. 32(f), and complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: August 4, 2026

/s/ Vivek Shah
Vivek Shah

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, I electronically filed the foregoing Appellant's Reply in Support of Motion to Expedite Briefing and Submission, with the supporting supplemental declaration and exhibit, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Court's ACMS electronic filing system, which will serve notice of the filing on all registered counsel of record.

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant, pro se