**No. 26-4739**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**VIVEK SHAH,**
Plaintiff-Appellant,
v.
**CRAIN COMMUNICATIONS, INC.,**
Defendant-Appellee.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge

# APPELLANT'S RENEWED MOTION TO EXPEDITE BRIEFING AND SUBMISSION (CIRCUIT RULE 27-12)

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
Plaintiff-Appellant, *pro se*

## MOTION

Pursuant to Ninth Circuit Rule 27-12 and Federal Rule of Appellate Procedure 27, Appellant Vivek Shah renews his motion to expedite briefing and submission, on grounds arising after the Court's August 11, 2026 order denying the prior motion (DktEntry 11.1). Appellant respectfully requests that the Court: (1) advance the due date of the answering brief from November 16, 2026 to September 18, 2026; (2) set the optional reply brief to be due three days after service of the answering brief, shortening only Appellant's own time; and (3) direct the Clerk to calendar the appeal for the earliest available argument date after briefing closes, or to submit it on the briefs if the panel determines argument is unnecessary.

This is not a motion for reconsideration under Circuit Rule 27-10. Appellant does not contend that the August 11 order was erroneous on the record then before the Court. Every ground presented below arose after that order was entered.

On August 18, 2026, Appellant emailed counsel of record for Appellee, stating his intent to file this motion on August 19, 2026, describing the relief requested, and requesting Appellee's position. As of the filing of the instant motion on August 20, 2026, Appellee has not responded to the email.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. What Has Occurred Since August 11, 2026.

The Court denied the prior motion on August 11, 2026. DktEntry 11.1. On the same day, the district court received Appellant's Application for Leave to File Complaint under the pre-filing order on appeal — a filing the record before this Court could not have reflected. Second Mot. for Judicial Notice ("2d MJN"), Ex. 1 at 1 (filed concurrently). The application attached a proposed complaint against AdvisorFinder, LLC, a party Appellant has never sued in any forum, pleading claims under California Penal Code sections 638.50(b), 638.50(c), 638.51(a), and 637.2 arising from a single visit to advisorfinder.com on February 4, 2026, from Los Angeles County — conduct pleaded to have occurred within this district. 2d MJN Ex. 1 at 2, 6–7. The application disclosed this appeal and stated Appellant's compliance with the order while review is pending. *Id.* at 4.

On August 18, 2026, the district judge disposed of the application on the form's own single page by marking a box: "IT IS HEREBY ORDERED that the document(s) presented ☒ not be filed." *Id.* at 1. The form contains no findings, identifies no standard, and states no reasons. *Id.* The first page of the form is reproduced as Exhibit A to this motion for the Court's convenience; the complete record is Exhibit 1 to the concurrently filed Second Motion for Judicial Notice.

On August 18, 2026, Appellant filed a notice of appeal from the August 18, 2026 order, yet to be docketed in this Court as of the filing of this motion. Appellant does not seek consolidation; the appeals present distinct questions.

## II. These Events Supply Precisely What the Prior Record Lacked.

Appellee opposed expedition on the ground that Appellant "does not identify any covered complaint he presently seeks to file, any request for prefiling permission that has been denied or delayed, any limitations period that is about to expire, or any concrete legal right that will be lost under the existing schedule." Opp. (DktEntry 9.1) at 1. It repeated the point: "He does not state that he has submitted a proposed complaint for prefiling review. He does not claim that any court has rejected or delayed such a submission. And he identifies no actual limitations deadline that will expire before this appeal is resolved." Id. at 3–4.

Each identified absence has since been filled, on the record, with dates. A covered complaint Appellant seeks to file: submitted August 11, 2026. A request for prefiling permission that has been denied: August 18, 2026, without findings. A limitations period about to expire: February 4, 2027, one year from the pleaded visit. *See* Cal. Civ. Proc. Code § 340(a). A concrete legal right that will be lost under the existing schedule: the same claims, on the same date.

## III. Good Cause Under Circuit Rule 27-12 Is Now Concrete and Dated.

Circuit Rule 27-12 permits expedition on a showing of good cause, including where irreparable harm may occur or the appeal may become moot absent expedited treatment. The prior motion rested on *Moy v. United States*, 906 F.2d 467, 470–71 (9th Cir. 1990), and *Elrod v. Burns*, 427 U.S. 347, 373 (1976); the opposition

engaged neither. Those showings are incorporated here. What *Moy* treated as harm that cannot be predicted in advance is now a dated record.

**A. The limitations clock.** Under the current schedule, the answering brief is due November 16, 2026, and the optional reply brief 21 days after service — briefing completes no earlier than December 7, 2026. DktEntry 11.1. The one-year limitations period on the blocked claims expires February 4, 2027. Decision on the ordinary calendar before that date is improbable. If reversal arrives after February 4, 2027, it arrives after the claims it concerns can no longer be brought; as to them, the order's operation will have become effectively unreviewable.

**B. The legislative window.** A second date bears noting. Senate Bill 690 (2025–2026 Reg. Sess.), as amended in the Assembly on July 2, 2026, would amend Penal Code section 637.2 to provide that an action against a private actor for a violation of section 638.51 arising from conduct on an internet website "may be brought under this section only by the Attorney General," and that the amendments "apply retroactively to any pending claim in an action commenced within two years before the operative date of that legislation." S.B. 690 § 1 (proposed § 637.2(d)). The bill is pending; if enacted this session, it would take effect January 1, 2027. Cal. Const. art. IV, § 8(c). Whether and how it would apply to any claim would be litigated if enacted. Its relevance here is narrow: the period in which the blocked claims can be positioned at all is bounded by dates certain — January 1, 2027, if the

bill is enacted, and February 4, 2027 in any event — while a denial without findings stands unreviewed.

**C. Continuing operation.** Between August 11 and August 18, the order operated as the opening brief describes: no procedure, no standard, no findings, one marked box. Opening Br. 6 (Issue 4); 2d MJN Ex. 1 at 1. Each day that disposition stands unreviewed extends a restraint on access to the courts — a restriction this Court has called "a remedy of last resort." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014); *see Elrod*, 427 U.S. at 373.

## IV. The Requested Schedule Is Modest and Works No Prejudice.

Appellee has had the opening brief since July 28, 2026; by October 18, 2026, it will have had it for eighty-two days. The request advances a single deadline by, shortens only Appellant's own reply time, and leaves extension practice untouched. The appeal concerns a single order entered on an eleven-page record. Appellee's prior objections — that it would have as little as seven days to answer and that ordinary extension procedures would be unavailable, Opp. 2 — do not apply to this request.

## CONCLUSION

The Court should advance the answering brief to September 18, 2026, set the optional reply brief at three days after service, and calendar the appeal for the earliest available argument date after briefing closes or submit it on the briefs.

Dated: August 20, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant, *pro se*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,225 words. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Vivek Shah
Vivek Shah

## STATEMENT REGARDING SERVICE

All participants in this case are registered users of the Court's electronic filing system and are served through that system. Fed. R. App. P. 25(d).