**No. 26-4739**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**VIVEK SHAH,**
Plaintiff-Appellant,
v.
**CRAIN COMMUNICATIONS, INC.,**
Defendant-Appellee.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge

# APPELLANT'S SECOND MOTION FOR JUDICIAL NOTICE

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
Plaintiff-Appellant, *pro se*

## MOTION

Pursuant to Federal Rule of Evidence 201 and Federal Rule of Appellate Procedure 27, Appellant Vivek Shah respectfully moves this Court to take judicial notice of the following federal court record:

> Exhibit 1 — Notice and Order re Filing by Vexatious Litigant (Form CV-115), together with the Application for Leave to File Complaint Pursuant to Pre-Filing Order that it disposes of and that application's exhibits, *Shah v. Crain Communications, Inc.*, No. 2:26-cv-03070-RGK-CTS (C.D. Cal.), ECF No. 41, entered August 18, 2026 (72 pages, Page ID #:805–876).

A true and correct copy, as filed and without alteration, is attached. Judicial notice is sought for the limited purpose of establishing the existence and contents of this record — what words appear in it and what the docket reflects — and not for the truth of any allegation the proposed complaint within it contains.

On August 18, 2026, Appellant emailed counsel of record for Appellee, stating his intent to file this motion on August 19, 2026 and requesting Appellee's position. As of the instant filing of this motion on August 20, 2026, Appellee has not responded to the email. Appellee retains its right to respond under Federal Rule of Appellate Procedure 27(a)(3)(A).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Record Documents the Order's First Application.

The order on appeal requires leave of court before Appellant files "any new case filed in the Central District of California that alleges any claims arising under

the California Invasion of Privacy Act ('CIPA') or other related digital privacy claims." Order (ECF No. 34) at 11. On August 11, 2026, the district court received Appellant's Application for Leave to File Complaint under that order. Ex. 1 at 1. The application attached the order as its Exhibit A and a proposed complaint as its Exhibit B, naming AdvisorFinder, LLC — a party Appellant has never sued in any forum — and pleading claims under California Penal Code sections 638.50(b), 638.50(c), 638.51(a), and 637.2 arising from a single visit to advisorfinder.com on February 4, 2026, from Los Angeles County. Ex. 1 at 2, 6–7. The application disclosed this appeal and stated Appellant's compliance with the order while review is pending. Ex. 1 at 4.

On August 18, 2026, the district judge disposed of the application on the same one-page form by marking a box: "IT IS HEREBY ORDERED that the document(s) presented ☒ not be filed." Ex. 1 at 1. The form contains no findings, identifies no standard, and states no reasons. *Id.*

## II. The Record Bears Directly on Questions Before This Court.

**A. Live controversy.** This Court evaluates its jurisdiction, including mootness, on the facts as they now stand, and it may take notice of developments occurring after the notice of appeal. *Bryant v. Carleson*, 444 F.2d 353, 357–58 (9th Cir. 1971). The attached record shows the order on appeal in operation after the

appeal was docketed: an application received, and a disposition entered, while review is pending.

**B. Representations in the motion record.** Opposing expedition, Appellee represented that Appellant "does not identify any covered complaint he presently seeks to file, any request for prefiling permission that has been denied or delayed, any limitations period that is about to expire, or any concrete legal right that will be lost under the existing schedule." Opp. to Mot. to Expedite (DktEntry 9.1) at 1; *see id.* at 3–4 ("He does not state that he has submitted a proposed complaint for prefiling review. He does not claim that any court has rejected or delayed such a submission. And he identifies no actual limitations deadline that will expire before this appeal is resolved."). Those statements were accurate when made on August 4, 2026. The attached record documents what has occurred since: a covered proposed complaint submitted for prefiling review on August 11, 2026, and ordered not filed on August 18, 2026, asserting claims whose one-year limitations period, *see* Cal. Civ. Proc. Code § 340(a), runs from a pleaded visit date of February 4, 2026. Ex. 1 at 1, 6.

**C. Issues presented.** The opening brief presents, among other questions, whether a pre-filing order that "supplies no procedure for seeking leave" and issued without consideration of less restrictive alternatives is narrowly tailored. Opening Br. 6 (Issue 4). The attached record is the order's first recorded application: it shows

the procedure employed and the disposition rendered. What weight those contents carry is for the merits; their relevance is not reasonably disputable.

### III. The Record Is a Proper Subject of Judicial Notice.

A court "may judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Federal court filings and docket entries are such sources. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Notice extends to the existence and contents of a court record, not to the truth of matters asserted within it. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). That is the only use sought here. The exhibit is Appellant's own application and the district court's disposition of it, drawn from the same docket that produced the record on appeal. Its accuracy is not subject to reasonable question.

## CONCLUSION

The Court should take judicial notice of Exhibit 1, for the existence and contents of the record it comprises.

Dated: August 20, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant, *pro se*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 921 words. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Vivek Shah
Vivek Shah

## STATEMENT REGARDING SERVICE

All participants in this case are registered users of the Court's electronic filing system and are served through that system. Fed. R. App. P. 25(d).