**No. 26-4739**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

VIVEK SHAH,

*Plaintiff-Appellant*,

v.

CRAIN COMMUNICATIONS, INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Hon. R. Gary Klausner

---

# APPELLEE CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO APPELLANT'S RENEWED MOTION TO EXPEDITE BRIEFING AND SUBMISSION

---

Kevin J. Cole (SBN 321555)
KJC LAW GROUP, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
(310) 861-7797
kevin@kjclawgroup.com

*Attorneys for Defendant-Appellee*
*Crain Communications, Inc.*

# INTRODUCTION

The Court denied Shah's first motion to expedite on August 11, 2026. *See* Dkt. No. 11.1 (Aug. 11, 2026 Order). Shah now asks the Court to revisit that decision because, one week later, the district court applied the very prefiling procedure Shah is challenging and denied his request for leave to file another digital-privacy lawsuit. That development does not create an appellate emergency. Shah's new motion still fails to identify any reason why Crain should lose the ordinary time afforded to prepare its answering brief. The principal "new" circumstance is that Shah submitted another proposed digital-privacy complaint and the district court denied permission to file it. Shah has separately appealed that ruling in Appeal No. 26-5377 and has separately moved to expedite that appeal. The existence of a second appeal does not create good cause to accelerate this one.

Nor do Shah's asserted January 1, 2027 legislative date or February 4, 2027 limitations date establish irreparable harm. The former depends on proposed legislation that Shah acknowledges has not been enacted. The latter concerns a claim against an entirely different party, AdvisorFinder, LLC, and Shah himself maintains that he already presented that complaint to the district court on August 11, 2026 in a manner that preserved its filing date. Neither circumstance warrants shortening Crain's existing appellate deadline.

The renewed motion should be denied.

## ARGUMENT

Ninth Circuit Rule 27-12 permits expedition upon a showing of good cause, including circumstances in which irreparable harm may occur or an appeal may become moot absent expedited treatment. As Crain explained in opposing Shah's first motion, extraordinary treatment requires more than the ordinary consequences of an order while appellate review remains pending. Nothing material has changed.

*First*, the district court's August 18, 2026 denial of Shah's application for leave does not establish that this appeal must be expedited. Shah argues that the denial supplies what the prior record supposedly lacked: an actual proposed complaint and an actual denial of permission to file it. But that simply demonstrates that the prefiling order is operating as a prefiling order. The July 20, 2026 order expressly requires Shah to obtain permission before commencing another CIPA or related digital-privacy case in the Central District. Whether the district court properly denied Shah's particular application is a separate question (and Shah has already created a separate appeal devoted to precisely that question). The Court need not accelerate Appeal No. 26-4739 merely because Shah has generated another appeal arising from the order under review.

*Second*, the February 4, 2027 limitations date does not justify shortening Crain's briefing time. The proposed AdvisorFinder complaint concerns an alleged February 4, 2026 website visit, and Shah contends a one-year limitations period

applies. But Shah simultaneously takes the position that his August 11, 2026 delivery of the proposed complaint to the district court fixed the operative filing date. Thus, even on Shah's own theory, he has already taken the action necessary to preserve the claim. The possibility that AdvisorFinder may someday disagree and assert a limitations defense does not establish that Shah will irreparably lose the claim unless this Court accelerates an entirely separate appeal. More fundamentally, any dispute concerning whether the August 11 submission preserved Shah's claim, whether the August 18 denial was proper, and what consequences follow from that denial belongs principally in Shah's new appeal. Shah cannot bootstrap that separate dispute into good cause for shortening Crain's response time here.

*Third*, Shah's reliance on Senate Bill 690 is even more speculative. Shah acknowledges that the bill is merely pending and expressly takes no position on whether it will become law. A proposed statute that may or may not be enacted, may or may not become operative in the form Shah describes, and may or may not ultimately affect his proposed claim is not irreparable harm requiring this Court to alter its ordinary schedule.

*Fourth*, Shah's constitutional argument remains unchanged. His renewed motion again characterizes every day the prefiling order remains operative as a continuing restraint on court access. But that was the basic premise of his first motion, which the Court denied. The existence of a presently operative order does

not itself establish good cause for expedition. As Crain previously explained, every appellant challenging an operative order experiences its consequences while appellate review proceeds. And treating that circumstance as sufficient would effectively make expedited review automatic whenever a prefiling order is appealed.

*Finally*, Shah's revised schedule does not cure the fundamental problem. Shah voluntarily filed his opening brief months before it was due and now asks the Court to transform his unilateral acceleration into a materially shortened deadline for Crain. His renewed motion would advance Crain's answering brief from November 16, 2026 to September 18, 2026, while Shah proposes to shorten his own reply period to three days. But Shah's willingness to shorten his own deadline does not establish good cause to shorten Crain's.

Crain remains entitled to adequate time to analyze the appellate record, address threshold jurisdictional and finality issues, respond to Shah's merits arguments and requests for judicial notice, and prepare a complete answering brief. As Crain previously explained, Shah's decision to prepare his own brief early cannot manufacture an emergency or deprive Crain of the ordinary time afforded for appellate briefing. The Court already rejected Shah's request to accelerate this appeal. His subsequent filing of another proposed lawsuit, another appeal, and additional motions does not supply good cause to reach a different result.

## CONCLUSION

The renewed motion to expedite briefing and submission should be denied.

Date: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the word limit of Ninth Circuit Rule 27(d)(2) because this response contains 1,195 words, including words manually counted in any visual images, and excluding the items exempted by Fed. R. App. P. 32(f).

This brief complies with the type size and typeface requirements of Fed. R. App. P. 32(a)(5) and (6).

Date: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing system, which will serve all registered case participants on this date.

- **APPELLEE CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO APPELLANT'S RENEWED MOTION TO EXPEDITE BRIEFING AND SUBMISSION**

Date: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Appellee*
*Crain Communications, Inc.*