**No. 26-4739**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

VIVEK SHAH,
Plaintiff-Appellant,

v.

CRAIN COMMUNICATIONS, INC.,
Defendant-Appellee.

---

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS
Honorable R. Gary Klausner, District Judge

**APPELLANT'S REPLY IN SUPPORT OF RENEWED MOTION TO EXPEDITE BRIEFING AND SUBMISSION**
(Fed. R. App. P. 27(a)(4); Circuit Rule 27-12)

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
(224) 246-2874
newvivekshah@gmail.com
Plaintiff-Appellant, pro se

## INTRODUCTION

The opposition disputes no date. It does not contest that a covered proposed complaint was submitted on August 11, 2026, that leave to file it was denied on August 18, 2026, that the denial contains no findings, or that the one-year limitations period on the blocked claims runs out on February 4, 2027. Every fact the renewed motion supplied stands unrebutted.

What the opposition offers instead is a proposition Crain will not itself adopt: that Appellant has already preserved the AdvisorFinder claims. Crain does not say the claims are preserved. It says Appellant says so. Opp. 1, 3. That is the whole of its limitations answer, and it is a reason to decide this appeal, not to slow it.

On the remaining points the opposition repeats August 4 without adding an authority. It cites no case — not *Moy*, not *Elrod*, not any decision of any court. It restates Circuit Rule 27-12 as though the rule's illustrative examples were a closed list. And it calls "materially shortened," Opp. 4, a deadline longer than the one Federal Rule of Appellate Procedure 31(a)(1) itself prescribes.

## I. CRAIN DOES NOT ADOPT THE PRESERVATION THEORY IT ASCRIBES TO APPELLANT, AND CANNOT BIND THE PARTY WHO WOULD CONTEST IT.

Crain's answer to February 4, 2027 is that "even on Shah's own theory, he has already taken the action necessary to preserve the claim." Opp. 3. Note what the

sentence does not say. It does not say the theory is correct. It does not identify a decision resolving the question. And it does not — because it cannot — bind AdvisorFinder, LLC, which is not a party to this appeal and which is the only entity that would ever assert the defense.

A contention is not an adjudication. Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." The August 18 order directs that the document "not be filed." 2d MJN Ex. 1 at 1. Whether a submission a court has ordered not filed is nonetheless "filed" for limitations purposes is a question no decision of this Court has answered. Crain's argument asks this Court to assume the answer, in Appellant's favor, and then to deny relief because of the assumption.

That is backwards in a way that resolves the point. If Crain is right that the claims are safe, expedition costs Crain nothing but calendar position. If Crain is wrong, the claims are gone on February 4, 2027, and briefing under the existing schedule does not close before December 7, 2026. That is both of Circuit Rule 27-12's enumerated civil grounds at once: irreparable harm that "may occur," and review that arrives after it can matter — as to the blocked claims, "the order's operation will have become effectively unreviewable." Mot. 5. The Rule does not require the movant to prove that it certainly will, still less to disprove an appellee's

untested surmise about how a nonparty will litigate. Expedition is the one course that makes the question academic.

## II. THE OPPOSITION DISPUTES NO DATE; IT ABANDONS THE TEST CRAIN ITSELF PROPOSED.

On August 4, Crain framed the motion's defect as four specific absences: Appellant "does not identify any covered complaint he presently seeks to file, any request for prefiling permission that has been denied or delayed, any limitations period that is about to expire, or any concrete legal right that will be lost under the existing schedule." Opp. (Aug. 4) 1; see id. 3–4. Each is now supplied, with a date.

Crain's response is that the record "simply demonstrates that the prefiling order is operating as a prefiling order." Opp. 2. But the operation is the point, and Crain does not dispute what the record shows about it: an application received August 11, a box marked August 18, no procedure identified, no standard stated, no findings made. Opening Br. 6 (Issue 4); 2d MJN Ex. 1 at 1. Whether that is what a narrowly tailored order looks like belongs to the merits panel. That it is occurring now, and will keep occurring while review waits, is good cause.

A party that made the absence of a concrete application the centerpiece of its first opposition cannot treat the application's arrival as immaterial in its second. The renewed motion did not manufacture a new theory; it satisfied Crain's own.

## III. THE SECOND APPEAL IS NOT AN ANSWER TO THIS ONE — AND CRAIN OPPOSES EXPEDITION THERE ON THE GROUND THAT IT IS.

Crain says the AdvisorFinder dispute "belongs principally in Shah's new appeal," Opp. 3, and that "[t]he existence of a second appeal does not create good cause to accelerate this one," Opp. 1. The sequence runs the other way. This appeal presents the antecedent question: whether the order that authorized the August 18 disposition may stand at all. A denial entered under a pre-filing order derives its entire force from that order; if the order is vacated, the disposition entered under it does not survive it. No. 26-5377 cannot moot this appeal. This appeal can moot No. 26-5377.

The deferral also has no destination. On the same day it filed this opposition, Crain opposed expedition in No. 26-5377 as well — arguing there that "the relationship between this appeal and Appeal No. 26-4739" is among the threshold questions for which it needs the ordinary schedule. Appellee's Opp. to Mot. to Expedite, No. 26-5377, DktEntry 7.1, at 5 (Aug. 24, 2026). Each appeal is answered by pointing to the other, and on the schedules Crain defends, neither is decided before February 4, 2027. Deferral to a proceeding that is itself being deferred is not an answer to a dated harm. Expedition here is also the economical course: a decision on the order's validity may resolve both appeals at once, while deferral spends the

parties' and the Court's effort briefing a disposition that may not survive its predicate.

Nor did Appellant "generate[]" the second appeal, Opp. 2, in any sense that bears on good cause. He submitted an application the order required, and the district court entered an appealable disposition. A litigant who complies with a decree and appeals the result has not created anything.

## IV. THE RULE, THE UNANSWERED AUTHORITIES, AND THE SCHEDULE.

**A. Circuit Rule 27-12.** Crain states that Rule 27-12 "permits expedition upon a showing of good cause, including circumstances in which irreparable harm may occur or an appeal may become moot absent expedited treatment." Opp. 2. The Rule reads that such motions "may be filed and *will be granted* upon a showing of good cause," and that good cause "includes, *but is not limited to*," three enumerated situations. Cir. R. 27-12. Crain's paraphrase converts an illustrative list into an exhaustive one. The only question the Rule poses is good cause.

**B. *Moy* and *Elrod*.** Two motions and two oppositions in, Crain has engaged neither authority on which the showing rests. *Moy* holds that a litigant under a pre-filing order need not name the harm in advance: "We cannot predict what harm might come to him as a result, and he should not be forced to predict it either." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990), quoted in *Ringgold-Lockhart v.*

*County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). *Elrod* holds that the loss of First Amendment freedoms "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Crain's substitute is that the access argument "was the basic premise of his first motion, which the Court denied." Opp. 3–4. An order denying expedition on a record containing no application, no denial, and no dated limitations period is a ruling on that record. It is not a holding that the argument fails, and it is not authority. This motion is brought under Circuit Rule 27-12 on grounds arising after August 11; it is not a motion for reconsideration under Circuit Rule 27-10. Mot. 2.

Crain's concern that granting this motion would make expedition "automatic whenever a prefiling order is appealed," Opp. 4, mistakes what is before the Court. The renewed motion does not rest on the order's mere existence or on Appellant's belief that it is erroneous. It rests on a submitted application, a dated denial without findings, and a limitations date certain. The ordinary appeal Crain describes has none of those features. Granting relief here decides nothing about an appeal that lacks them: good cause under Rule 27-12 turns on a concrete, dated loss under the existing schedule — a showing the hypothetical appeal cannot make and this record makes.

**C. The schedule.** Crain calls September 18, 2026 a "materially shortened deadline" because the current schedule sets the answering brief for November 16, 2026. Opp. 4; DktEntry 11.1. The November date is real, and the motion asks the

Court to advance it. But the measure of whether a schedule shortchanges preparation is the Rules' own: under Federal Rule of Appellate Procedure 31(a)(1), "[t]he appellee must serve and file a brief within 30 days after the appellant's brief is served." Appellant's opening brief was served July 28, 2026; thirty days ran on August 27, 2026. September 18 gives Crain fifty-two days from service — twenty-two more than the Rules' default. The request does not compress preparation below what the Rules contemplate; it advances a date set before the events of August 11 and 18 occurred. (The motion's reference to October 18 was a typographical error; the date requested is September 18, 2026.) Crain's August 4 objections were to seven or fourteen days. Opp. (Aug. 4) 2, 8. Those objections have been met.

Crain describes the request as an attempt to convert Appellant's "unilateral acceleration" into a shortened deadline. Opp. 4. An opening brief served early gives an appellee more time to answer it, not less; the fifty-two days are measured from the day Crain received the brief, not from a schedule Appellant declined to use. And the offer to compress the reply to three days is not advanced as good cause, *cf.* Opp. 4 — it is offered to show that the request places the burden of acceleration on the movant and leaves Crain's extension practice untouched.

Crain identifies no task it cannot complete in fifty-two days. It says it needs time to "address threshold jurisdictional and finality issues," Opp. 5, but as of the date of its opposition — twenty-seven days after service of the opening brief — it

had moved for nothing, and its earlier opposition expressly declined to present the question. Opp. (Aug. 4) 8. If a threshold defect exists, that is a reason to decide promptly, not to leave the order in daily operation while the answer waits.

**D. Senate Bill 690.** Crain calls the bill "even more speculative" because it is pending. Opp. 3. The motion said the same: "The bill is pending," and "[w]hether and how it would apply to any claim would be litigated if enacted." Mot. 5. Nothing asks this Court to assume enactment. The contingency resolves within days — the Legislature's regular session ends August 31, 2026 — and if it resolves against enactment, February 4, 2027 stands alone and unaffected.

## CONCLUSION

The Court should advance the answering brief to September 18, 2026, set the optional reply brief at three days after service, and calendar the appeal for the earliest available argument date after briefing closes or submit it on the briefs.

Dated: August 24, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant, pro se

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,901 words. This reply complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Vivek Shah
Vivek Shah

## STATEMENT REGARDING SERVICE

All participants in this case are registered users of the Court's electronic filing system and are served through that system. Fed. R. App. P. 25(d).