**No. 26-4739**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

VIVEK SHAH,
Plaintiff-Appellant,
v.
CRAIN COMMUNICATIONS, INC.,
Defendant-Appellee.

On Appeal from the United States District Court
for the Central District of California
No. 2:26-cv-03070-RGK-CTS — Hon. R. Gary Klausner

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3**

**APPELLANT'S MOTION FOR STAY OF PRE-FILING ORDER PENDING APPEAL (FED. R. APP. P. 8(a)(2))**

**RELIEF REQUESTED BY AUGUST 31, 2026**
An immediate temporary stay is requested pending disposition of this Motion.

Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
Telephone: (224) 246-2874
Email: newvivekshah@gmail.com
Plaintiff-Appellant

## CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3(c), Appellant Vivek Shah, appearing pro se, certifies as follows:

**(i) Contact Information for All Parties**

Plaintiff-Appellant (pro se): Vivek Shah, 1301 N. Broadway, Ste. 32167, Los Angeles, CA 90012; telephone (224) 246-2874; email newvivekshah@gmail.com. Counsel for Defendant-Appellee Crain Communications, Inc.: Kevin J. Cole kevin@kjclawgroup.com, (310) 861-7797; W. Blair Castle blair@kjclawgroup.com, (310) 861-7797; Justin P. Bagdady, jbagdady@bodmanlaw.com, (734)930-2727.

**(ii) Facts Showing the Existence and Nature of the Emergency**

This appeal challenges the pre-filing order entered against Shah on July 20, 2026. (ECF No. 34; Shah Decl. Ex. I.) Between July 29 and August 20, 2026, respondents in at least eight of Shah's pending arbitrations, represented by at least seven different law firms, submitted the order to the American Arbitration Association ("AAA") and to JAMS with requests that the administrators cease administering matters already pending in those forums; three of the five requests attached to the accompanying declaration ask the administrators to cease administering every arbitration Shah has pending. (Shah Decl. ¶¶ 6–11, Exs. A–E.) The AAA has taken two cessation requests under submission, has advised the parties

that it "will issue [its] decision as soon as possible," and has suspended all deadlines in one matter pending its decision on continued administration. (Shah Decl. Exs. F, G.) The AAA and JAMS are not parties to this action; a decision to cease administration cannot be recalled by any order available in this case, and the requesting parties contend the consequence would survive even reversal of the order on appeal. (Shah Decl. Ex. C at 2; Ex. H at 2.)

In addition, on August 21, 2026, counsel for the defendant in *Shah v. Drexel Chemical Co.*, No. 2:26-cv-01605-HDV-KES (C.D. Cal.), gave notice under Local Rule 7-3 of a forthcoming motion for a second pre-filing order and for $500,000 in security, on the stated ground that Shah has already been declared a vexatious litigant in this action and that the court "need not go through the vexatious litigant analysis." (Shah Decl. ¶¶ 14–15.) The conference of counsel required by Local Rule 7-3 was held on August 24, 2026; Drexel rejected in writing each of ten narrower alternatives Shah proposed, and transmitted a proposed order under which nonpayment of the $500,000 security within thirty days results in automatic dismissal of that pending action with prejudice, without further order. (*Id.*) Under Local Rule 7-3, Drexel's motion may be filed on or after August 31, 2026.

Absent relief within 21 days, irreparable harm will occur. Relief is requested by August 31, 2026, with an immediate temporary stay — which would merely preserve the status quo — pending disposition of this Motion, because the AAA has

stated it will act "as soon as possible" and may act on any day, and because the announced Drexel motion may be filed beginning August 31, 2026.

**(iii) Why This Motion Could Not Have Been Filed Earlier**

Federal Rule of Appellate Procedure 8(a)(1) required Shah to seek this relief first in the district court. He did. The arbitral cessation requests were made between July 29 and August 20, 2026; the AAA confirmed on August 19 and 20, 2026 that two requests were under submission. Shah gave Crain written notice under Local Rule 7-19.1 on August 20, 2026, offered a stipulated stay in lieu of motion practice, and applied to the district court on August 21, 2026 — one business day after the AAA's confirmations. (ECF No. 44; Shah Decl. Ex. J.) The district court denied the application on August 24, 2026. (ECF No. 47; Shah Decl. Ex. L.) This Motion is filed same day as that denial.

**(iv) Notice to and Service on Other Parties; Positions**

On August 24, 2026 at 5:33 pm, Shah notified counsel for Crain by email of the date, substance, and requested relief of this Motion, and asked for Crain's position. Crain's position not received as of filing. Shah is serving this Motion on all counsel of record through the Court's ACMS electronic-filing system contemporaneously with filing. Shah has notified the Court's emergency motions unit at emergency@ca9.uscourts.gov, per the Circuit Advisory Committee Note to Rule 27-3, on August 24, 2026 at 6:32 pm.

**(v) Whether the Relief Sought Was First Sought in the District Court**

Yes. On August 21, 2026, Shah applied to the district court for the same relief requested here: a stay of the pre-filing order pending this appeal. (ECF No. 44.) The district court denied the application on August 24, 2026, stating two grounds: that Shah had not justified ex parte treatment under *Mission Power Engineering Co. v. Continental Casualty Co*., 883 F. Supp. 488 (C.D. Cal. 1995), and, "[f]urthermore," that Shah "has not met his burden in establishing irreparable harm." (ECF No. 47 at 1–2.) The application also requested, in the alternative, that the district court treat it as a noticed motion and set expedited briefing; the court did not address or afford that relief. (ECF No. 44 at 17–18.)

The Motion should not be remanded or denied for lack of a further district-court motion. The district court denied the motion and resolved the pivotal substantive question — irreparable harm — against Shah, and the only track it left open cannot produce a hearing before late September 2026, after the AAA is expected to act: Local Rule 7-3 requires a conference of counsel at least seven days before filing, and the district court's Standing Order ¶ 6 requires that motions be noticed at least twenty-eight days before hearing, with civil motions heard on Mondays. (Shah Decl. ¶ 20.) This Court has held that district-court delay alone satisfies Rule 8(a)(2)(A)(ii). *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 n.5 (9th Cir. 2020).

Dated: August 24, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant

## INTRODUCTION AND RELIEF REQUESTED

Appellant Vivek Shah moves under Federal Rule of Appellate Procedure 8(a)(2) for a stay, pending issuance of the mandate in this appeal, of the pre-filing order entered against him on July 20, 2026 (ECF No. 34) (the "Order"). Shah requests: (1) an immediate temporary stay of the Order pending disposition of this Motion, which a single judge may grant; (2) a stay of the Order pending appeal; and (3) in the alternative or in addition, expedited briefing and submission under Circuit Rule 27-12, which recognizes good cause where, absent expedition, "irreparable harm may occur."

The Order requires leave of court before Shah files any new case in the Central District of California alleging claims under the California Invasion of Privacy Act ("CIPA") or "other related digital privacy claims." (Ex. I at 11.) That is its full textual reach: new cases, one district, one category of claims. It is being put to a different use. Between July 29 and August 20, 2026, respondents in at least eight of Shah's pending arbitrations, through at least seven law firms, submitted the Order to the AAA and to JAMS and asked those administrators to stop administering matters already pending in those forums — in three of the five requests of record, every matter Shah has pending. (Exs. A–E.) The AAA has two requests under submission, has stated it "will issue [its] decision as soon as possible," and has suspended all deadlines in one matter. (Exs. F, G.) One respondent asked an arbitrator to condition

Shah's continued participation on "a high cash bond or security deposit" (Ex. E at 2) — security the district court considered and declined to require (Ex. I at 11). And on August 21, 2026, the defendant in a second pending action, *Shah v. Drexel Chemical Co.*, No. 2:26-cv-01605-HDV-KES (C.D. Cal.), noticed a motion for a second pre-filing order and $500,000 in security expressly premised on the existing designation substituting for the analysis *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990), requires. (Shah Decl. ¶¶ 14–15.) The Local Rule 7-3 conference was held August 24, 2026; the motion may be filed as early as August 31, 2026.

Shah sought this relief first in the district court, as Rule 8(a)(1) requires. The district court denied the application on August 24, 2026. (Ex. L.) This Motion is addressed to this Court's independent application of the stay factors. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Because the AAA may act on any day and the Drexel motion may be filed August 28, Shah requests a temporary stay immediately and a ruling by September 8, 2026.

## I. THIS COURT MAY GRANT RELIEF: RULE 8(a)(1) IS SATISFIED

This Court has jurisdiction. The action ended with Shah's July 23, 2026 dismissal of his claims with prejudice, and the Order is reviewable on appeal from that final disposition. 28 U.S.C. § 1291; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (pre-filing orders are reviewed on appeal after final judgment). The district court's authority over the collateral restraint survived the

dismissal, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) — which is why it could, and did, entertain and deny Shah's stay application after the dismissal.

A party must ordinarily move first in the district court for a stay of an order pending appeal. Fed. R. App. P. 8(a)(1)(A). Shah did. On August 21, 2026 — one business day after the AAA confirmed that two cessation requests were under submission — Shah applied to the district court for a stay of the Order pending this appeal, supported by a declaration and eight exhibits. (Ex. J.) Crain opposed. (Ex. K.) The district court denied the application on August 24, 2026. (Ex. L.)

Rule 8(a)(2)(A)(ii) requires the movant to state the reasons the district court gave. The court gave two. First, it held that Shah "fails to establish why his Ex Parte Application cannot be calendared in the usual manner" under *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). (Ex. L at 2.) Second, it held: "Furthermore, Plaintiff has not met his burden in establishing irreparable harm." (*Id.*) The court reasoned that Shah waited over a month after entry of the Order to seek emergency relief. (*Id.*) The court did not address the application's express alternative request that it be treated as a noticed motion and heard on expedited briefing. (Ex. J at 17–18.)

Each ground independently opens this Court's door. The district court "denied the motion," Fed. R. App. P. 8(a)(2)(A)(ii), and in doing so resolved the pivotal

substantive question — irreparable harm, one of the two "most critical" stay factors, Nken, 556 U.S. at 434 — against Shah. It also "failed to afford the relief requested," Fed. R. App. P. 8(a)(2)(A)(ii): the application asked, in the further alternative, for noticed-motion treatment on an expedited schedule, and the court afforded neither a stay nor a schedule.

Nor would a further district-court motion afford effective relief. The noticed-motion track the district court left open requires a conference of counsel at least seven days before filing, C.D. Cal. L.R. 7-3, and notice at least twenty-eight days before a Monday hearing under the district court's Standing Order ¶ 6 — the earliest hearing is September 28, 2026, after the AAA is expected to act, before a judge who has already resolved the dispositive factor against Shah. (Shah Decl. ¶ 20.) This Court entertains a stay motion where the district court's timetable alone — without any denial — cannot afford timely relief. *Al Otro Lado v. Wolf,* 952 F.3d 999, 1007 n.5 (9th Cir. 2020). A fortiori here, where the district court has both denied the motion and adjudicated irreparable harm. In the alternative, the same timetable makes a further district-court motion impracticable. Fed. R. App. P. 8(a)(2)(A)(i).

## II. BACKGROUND

The district court entered the Order on July 20, 2026. (Ex. I.) Shah voluntarily dismissed his claims with prejudice on July 23, 2026, and appealed the same day. (Shah Decl. ¶ 2.) He filed his opening brief on July 28, 2026 (DktEntry 4.1), and the

same day moved to expedite briefing; the motion was denied by order of the Clerk on August 11, 2026, and the answering brief remains due November 16, 2026. (DktEntry 11.1; Ex. M.) Shah has complied with the Order throughout: he has filed no covered case without leave. His single application for leave to file a complaint was denied on August 18, 2026 by checkbox form without a statement of reasons; that denial is the subject of a separate appeal, No. 26-5377. (Shah Decl. ¶ 4.)

The first arbitral submission of the Order followed on July 29, 2026. (Ex. A.) Seven further requests were made between August 10 and August 20, 2026. (Exs. B–E; Shah Decl. ¶ 11.) The AAA took two cessation requests under submission on August 19 and 20, 2026 and suspended deadlines in one matter. (Exs. F, G.) Shah gave Crain notice on August 20, offered a stipulated stay, applied on August 21, and was denied on August 24. (Exs. J–L.)

## III. LEGAL STANDARD

A stay pending appeal turns on the four *Nken* factors. 556 U.S. at 434. The Ninth Circuit applies them on a sliding scale: the movant must show that irreparable harm is probable, and either a strong likelihood of success on the merits, or a substantial case on the merits — interchangeably, “serious legal questions” — with the balance of hardships tipping sharply in the movant’s favor. *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967–68 (9th Cir. 2011).

## IV. IRREPARABLE HARM IS PROBABLE — AND OCCURRING

Two categories of harm are underway. The first — the Order's restraint on Shah's own access to this District's courts — is an independent and independently sufficient ground for a stay, fully redressable without the participation of any third party. The second — third-party execution of the Order beyond its terms — is ongoing and worsening: each new cessation request, and each new motion premised on the designation, is a fresh injury.

**A. The Order restrains court access now.**

A pre-filing order works its injury by existing. The restrained litigant's future filings "run the risk of delay and even possible rejection," and "we cannot predict what harm might come to him as a result, and he should not be forced to predict it either." *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990), quoted in *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (pre-clearance "imposes a substantial burden on the free-access guarantee"). The right burdened is constitutional. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Where a colorable constitutional claim of this kind is presented, the loss of such freedoms "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

The Order's design compounds the injury. It specifies no procedure, standard, or timeline by which the required permission may be sought or will be decided (Ex.

I at 11), while covered claims carry a one-year limitations period. Cal. Civ. Proc. Code § 340(a). The operation of the leave requirement is not hypothetical: the single application made under the Order was denied without a statement of reasons, on a checkbox form, and review of that routine leave decision now itself requires a second plenary appeal. (Shah Decl. ¶ 4.) A covered claim that expires during review cannot be restored by any later mandate. At least one covered claim, which accrued in September 2025 — will become time-barred under § 340(a) in September 2026, before the answering brief in this appeal is even due. The injury is the conditioning of the federal forum itself: leave to file was sought once, and denied without reasons.

**B. Third parties are executing the Order beyond its terms.**

The Order's text reaches new cases, in one district, alleging CIPA or related digital-privacy claims. The five requests of record reach none of those limits. A respondent submitted the Order to a JAMS arbitrator as "persuasive authority" on Shah's "credibility, motive, and pattern of conduct," flagging a prospective dispositive motion built on it. (Ex. A at 1–2.) A respondent asked the AAA to "cease administering" a pending arbitration on the ground that the Order triggers the AAA-ICDR Standards of Conduct, and to stay arbitrator appointment in the interim. (Ex. B at 1–2.) A respondent asked the AAA to cease administering its matter and "all other claims filed by Claimant with the AAA against any other parties alleging violations of CIPA or any other consumer digital privacy statutes"; the AAA

suspended the deadlines. (Ex. C at 1–2; Ex. G.) A respondent asked JAMS to "extend the same protection to this proceeding and all other similar claims filed by Claimant with JAMS," to halt arbitrator selection, and to reallocate, credit, or refund fees. (Ex. D at 2–3.) And a respondent asked a JAMS arbitrator to dismiss a pending arbitration outright in light of the Order or, failing that, to require "a high cash bond or security deposit" — security the district court declined to impose — and urged "a full cessation of administration of all other claims filed by Claimant with JAMS." (Ex. E at 2–3; Ex. I at 11.)

None of these is a new case. None is in the Central District. Some do not involve CIPA claims. Each invokes the Order as the operative instrument. The escalation has reached the courts: the announced Drexel motion — for a second pre-filing order reaching "website privacy or website tracking" claims generally, and for $500,000 in security — is expressly premised on the existing designation excusing the movant from *De Long*'s requirements, and Drexel's transmitted proposed order provides that nonpayment within thirty days results in automatic dismissal of that pending action with prejudice, without further order. (Shah Decl. ¶¶ 14–15.) Even the state vexatious-litigant scheme the district court referenced reaches only the filing of new litigation, not matters already pending. *Shalant v. Girardi*, 51 Cal. 4th 1164, 1170 (2011).

**C. The consequences cannot be repaired later — and a stay redresses them.**

The administrators are not parties. A cessation decision cannot be recalled by any order available in this action, and no damages remedy runs against an arbitral administrator for its administrative determinations. See Cal. Civ. Proc. Code § 1280.1. The pending requests share a single stated premise: that the Order has present operative force because "the pendency of Claimant's appeal does not stay the pre-filing order, which remains in full effect." (Ex. B at 2; accord Ex. C at 2; Ex. E at 2–3.) A stay from this Court removes the stated predicate of every request now under submission.

Crain argued below that a stay would be futile because one respondent contends the AAA-ICDR Standards turn on the historical fact that Shah has "previously been declared" a vexatious litigant, "regardless of his pending appeal or its outcome." (Ex. K at 3; Ex. C at 2.) That is one adversary's characterization of a third party's rule, not the administrator's ruling: the AAA has not adopted it — it has deferred decision and suspended deadlines while it weighs the parties' positions. (Exs. F, G.) A stay is the authoritative judicial statement that the designation is under active review and without present operative force, and it is the single most probative input an administrator weighing "previous[] declar[ation]" could receive. And Crain's futility theory proves too much: if the bare historical fact of designation irrevocably disqualified Shah from arbitral forums whatever this Court later holds, that would confirm — not negate — that consequences no mandate can repair are

accruing now, and that relief must issue at the earliest possible moment. In all events, the restraint addressed in Part IV.A — the Order's operation on Shah's own access to court — is fully redressed by a stay without the participation of any third party.

**D. Shah acted diligently; the district court measured delay from the wrong event.**

The district court found that Shah "waited over a month" to seek emergency relief, measuring from entry of the Order on July 20. (Ex. L at 2.) But the harm this Motion addresses did not exist on July 20. The first arbitral submission was made July 29; seven more followed between August 10 and August 20; the AAA confirmed on August 19 and 20 that two cessation requests were under submission and suspended deadlines in one matter; the Drexel notice arrived August 21. (Exs. A–G, N; Shah Decl. ¶¶ 6–14.) Shah gave notice on August 20, offered a stipulated stay, and filed on August 21 — one business day after the AAA's confirmations. He filed this Motion the same day as the district court's denial. At every step within his control, Shah acted within days.

Delay is probative of irreparable harm only where it shows an injury was tolerable; it carries little weight where the injury is ongoing and worsening. *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (courts are "loath to withhold relief solely on that ground"); *Cuviello*, 944 F.3d at 832–33 (finding irreparable harm notwithstanding far longer delay where injury was ongoing). Nor was the interval

idle: Shah moved on July 28 to expedite this appeal — relief the Clerk denied on August 11 (Ex. M) — and reasonably declined to seek a stay then, because the deployments then of record invoked the Order's findings, which no stay can unsay, rather than its operative status. (Ex. J at 9–10.) The August requests run through operative status: each rests on the premise that the Order "remains in full effect" absent a stay. The relief Shah reasonably declined while the harm ran through findings is the relief the harm now requires.

## V. THE APPEAL PRESENTS, AT MINIMUM, SERIOUS QUESTIONS

A pre-filing order is "an extreme remedy," entered only under *De Long*'s four-part framework and reviewed for abuse of discretion — which exists where the district court "base[d] its decision on an incorrect view of the law or a clearly erroneous finding of fact." *Ringgold-Lockhart*, 761 F.3d at 1062; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). Under *Leiva-Perez*, Shah need show only a substantial case. 640 F.3d at 967–68. The opening brief, on file since July 28, 2026 (DktEntry 4.1), presents a full record-based challenge; four questions suffice here.

First, the Order is not narrowly tailored — and events since entry prove it. An order "must be narrowly tailored to closely fit the specific vice encountered," *De Long*, 912 F.2d at 1148, and this Court has faulted orders whose indefinite terms could extend to scenarios having nothing to do with the conduct found. *Ringgold-*

*Lockhart*, 761 F.3d at 1066–67. The phrase "or other related digital privacy claims" is indefinite in the same way, and Exhibits A through E show the indefiniteness operating in real time: private administrators are being asked to treat the Order as disqualifying Shah from forums, districts, claim categories, and pending matters its text does not reach — permanently, on the Standards' "previously been declared" trigger, across a "case or caseload." (Ex. H at 1–2.) Second, the record does not support the substantive findings *De Long* requires. "Litigiousness alone is not enough," *Ringgold-Lockhart*, 761 F.3d at 1064; the filings must also be patently without merit or harassing. No court has adjudicated any of Shah's CIPA claims to be meritless, and the substantive dismissals in the catalog were jurisdictional — and "[m]erely because a claim lacks jurisdiction does not make the claim per se frivolous." *De Long*, 912 F.2d at 1148. Third, the finding anchoring the Order's duplication analysis — that Shah's PayPal complaint was a near-copy of an earlier class complaint — is clearly erroneous where the two pleadings share approximately five percent of their text, no cause of action, and no theory of the case. Fourth, the Order's catalog is internally inconsistent: at least four of the twenty-nine catalogued proceedings do not satisfy the inclusion criterion the Order itself states — a defect going to the adequacy of the record *De Long* requires. 912 F.2d at 1147.

## VI. A STAY WILL NOT SUBSTANTIALLY INJURE CRAIN

This action is over. Shah dismissed his claims against Crain with prejudice on July 23, 2026; nothing in a stay revives them or exposes Crain to renewed suit. Crain's remaining interest is defending the Order in this appeal, and a stay does not impair that defense in any respect. Should the Court have any concern about interim filings, Shah will accept as a condition of the stay that any new complaint he files in the Central District during its pendency alleging CIPA or related digital-privacy claims will attach the Order and the stay order and will identify this appeal by number.

## VII. THE PUBLIC INTEREST FAVORS A STAY

Restrictions on court access are reserved for the rare case and tailored when used. *Ringgold-Lockhart*, 761 F.3d at 1062. The public interest also runs through the Federal Arbitration Act's policy that arbitration agreements be enforced according to their terms, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983): the parties now invoking the Order drafted the agreements designating arbitration as the exclusive forum, and the Order is being used to unwind the forum they chose. Finally, the judiciary has an institutional interest in ensuring that an order under active appellate review is not deployed, in forums it does not address, to produce consequences no court has sanctioned and no reversal could repair.

## VIII. CONCLUSION

The Court should enter a temporary stay of the Order immediately, stay the Order pending issuance of the mandate, and, in the alternative or in addition, expedite briefing and submission under Circuit Rule 27-12. Relief is respectfully requested by August 31, 2026.

Dated: August 24, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

This motion complies with the length limits of Fed. R. App. P. 27(d)(2)(A) and Ninth Circuit Rule 27-1(1)(d) because, excluding the items exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f), it contains 3348 words and does not exceed 20 pages, and complies with the format requirements of Fed. R. App. P. 27(d)(1) and the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it was prepared in a proportionally spaced 14-point Times New Roman typeface, double-spaced.

Dated: August 24, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I electronically filed the foregoing Emergency Motion, the Circuit Rule 27-3 Certificate, and the accompanying Declaration of Vivek Shah with exhibits with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system. All participants in the case are registered ACMS users, and service will be accomplished by that system.

Dated: August 24, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
Plaintiff-Appellant